UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MICHAEL WOODALL,<br><br>             Plaintiff,<br><br>     v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>             Defendants. | Case No.  15-cv-05347-JST<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915** |

Plaintiff brings this action challenging the conduct of Defendants Wachovia Bank, Wells Fargo Bank, N.A., HomEq Servicing, Quality Loan Service Corp., and Does 1-100 in connection with the origination, servicing, and foreclosure of his home.[1] See ECF No. 23.  The Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed his complaint under 28 U.S.C. § 1915.  ECF Nos. 3, 20.  The Court now reviews Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915.  The Court dismisses Plaintiff's First Amended Complaint with leave to amend.

**I.     BACKGROUND**

Plaintiff alleges that the real property at issue is located at 1037 Elliot Ave, Woodland, California, in Yolo County.  ECF No. 23 ¶ 9.  Wells Fargo Bank, N.A., a Delaware corporation headquartered in San Francisco, id. ¶ 7, originated and serviced Plaintiff's home mortgage loan.  Id. ¶ 1.  However, Plaintiff alleges that his home was foreclosed upon in 2012.  Id. at 14, 20–21.  Plaintiff alleges the following five claims related to Plaintiff's mortgage and foreclosure: (1) misconduct related to Defendants' origination and servicing of Plaintiff's mortgage; (2) failure to inform Plaintiff of various refinancing programs; (3) unfair, deceptive, and unlawful foreclosure

---

[1] The caption to Plaintiff's complaint lists Defendants as Wells Fargo & Company, Wells Fargo Bank, N.A., Homeq Servicing, Quality Loan Service Corp., and Does 1-100.

processing and loan origination; (4) negligence; and (5) fraud. See generally ECF No. 23.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can only adjudicate those cases in which the United States Constitution and Congress authorize them to adjudicate. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. Id. Thus, Federal Rule of Civil Procedure 8(a) requires all complaints filed in federal district courts to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."

The Court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e), which imposes a screening responsibility on the district court. Section 1915(e) provides in pertinent part that:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Section 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

## III. DISCUSSION

Even when liberally construed in accordance with Plaintiff's pro se status, the first amended complaint fails to allege subject matter jurisdiction.[2]

First, the complaint does not allege a federal question arising under the Constitution or federal law. See 28 U.S.C. § 1331. The thrust of Plaintiff's claims focus on California's consumer protections laws.

---

[2] Plaintiff's First Amended Complaint explains why the Court has personal jurisdiction over Defendant Wells Fargo, but does not set forth the Court's subject matter jurisdiction. See ECF No. 23 ¶ 11.

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction. See 28 U.S.C. § 1332(a). Based on Plaintiff's First Amended Complaint, Plaintiff cannot rely on diversity of jurisdiction. Plaintiff alleges that both he and Defendant Wells Fargo, N.A. are citizens of California. Further, Plaintiff does not provide details of the citizenships of the other Defendants in this action.

Plaintiff's First Amended Complaint, insofar as it relies on 28 U.S.C. §§ 1331 and 1332, fails to allege subject matter jurisdiction. However, as Plaintiff is proceeding pro se, the Court will provide him with the opportunity to file a second amended complaint in the event he can allege facts establishing this Court's jurisdiction.

The Court encourages Plaintiff to seek the assistance of the Legal Help Center. The Legal Help Center is located at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and in Oakland at 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided by appointment only. A litigant may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center or by calling the Legal Help Center appointment line at (415) 782-8982. Plaintiff may also wish to consult the Northern District of California manual, Representing Yourself in Federal Court: A Handbook for Pro Se Litigants, a copy of which may be downloaded at http://www.cand.uscourts.gov/prosehandbook or obtained free of charge from the Clerk's office.

## CONCLUSION

Plaintiff's Amended Complaint is dismissed for lack of subject matter jurisdiction. Within thirty (30) days from the date of this Order, Plaintiff shall file a second amended complaint.

IT IS SO ORDERED.

Dated: June 8, 2016

JON S. TIGAR
United States District Judge