UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MICHAEL WOODALL,<br>　　　　　Plaintiff,<br>　　v.<br>WELLS FARGO & COMPANY, et al.,<br>　　　　　Defendants. | Case No. 15-cv-05347-JST<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE**<br><br>Re: Dkt. No. 30 |

　　　　Plaintiff brings this action challenging the conduct of several banks and loan servicing companies in connection with the foreclosure of his home. Because the Plaintiff's Second Amended Complaint fails to properly allege federal subject matter jurisdiction, the Court now dismisses the case with prejudice.

**I.　　BACKGROUND**

　　　　On November 23, 2015, Plaintiff Kenneth Michael Woodall filed a complaint against Wells Fargo & Company and Wells Fargo Bank ("Defendants") for misconduct related to the foreclosure of the Plaintiff's home. ECF No. 1. On December 14, 2015, the Court granted leave for Woodall to proceed *in forma pauperis*. ECF No. 4. However, after screening Woodall's complaint pursuant to § 1915(e)(2), the magistrate judge recommended that the Court dismiss the complaint with prejudice, finding that the complaint failed to state a claim upon which relief could be granted. ECF No. 9. This Court adopted that recommendation in part, but granted Woodall leave to file an amended complaint. ECF No. 20. Woodall filed a First Amended Complaint on May 18, 2016. ECF No. 23. The Court reviewed Woodall's First Amended Complaint, but could not discern any basis for federal subject matter jurisdiction. ECF No. 28. The Court therefore dismissed the First Amended Complaint for lack of subject matter jurisdiction, again granting the Plaintiff leave to file an amended complaint to cure the deficiencies. Id.

1          Woodall filed his Second Amended Complaint on July 11, 2016.[1] ECF No. 30. Therein,
2   Woodall generally alleges that several banks and loan servicing companies provided false and
3   misleading information to him regarding his mortgage and wrongfully foreclosed on his home.
4   See generally, id. Woodall asserts claims against Wells Fargo & Company, Wells Fargo Bank (a
5   subsidiary of Wells Fargo & Company), Homeq Servicing, Quality Loan Service Corp, and Does
6   1-100 (collectively, "the Defendants"). Id. Woodall alleges that Wells Fargo Bank is a Delaware
7   corporation that is headquartered in California. Id. at 2. Woodall provides no information about
8   the citizenship of the other Defendants.[2] Despite alleging commonality of citizenship between
9   himself and at least one of the Defendants, Woodall nonetheless asserts that "there exists diversity
10  of citizenship and the amount of damages may well exceed several hundred thousand dollars,
11  sufficient to satisfy the minimum required." Id. at 3.
12         Woodall also asserts that this Court has subject matter jurisdiction over this action "to the
13  extent the claims arise under the False Claims Act, 31 U.S.C. § 3729." Id. Woodall alleges later
14  in his complaint that the Defendants "prepar[ed] or present[ed] false or misleading documents,
15  fil[ed] false and misleading documents with courts and government agencies, or otherwise [used]
16  false or misleading documents as part of the foreclosure process. . . ." Id. at 11. Woodall also
17  alleges that the Defendants failed to follow FHA regulations relating to foreclosure. Id. at 7-8, 10,
18  23 (citing 24 C.F.R. § 203.500). In addition, Woodall alleges that the Defendants did not act in
19  accordance with several federal stimulus programs related to mortgage refinancing, such as the
20  Home Affordable Modification Program ("HAMP"). Id. at 12. Despite these general references
21  to federal law and federal regulations, Woodall explicitly asserts only state law causes of action—
22  for negligence, unfair competition, unjust enrichment, negligent misrepresentation, and fraud. Id.
23  at 12-26. He also references California's state consumer protection laws throughout his
24  complaint. Id. at 2, 6, 10, 11.

---

[1] In light of the Plaintiff's *pro se* status, the Court considers the Second Amended Complaint even though it was filed three days late. See ECF No. 28 (ordering that the amended complaint be filed within thirty days of the Court's order, by July 8, 2016).
[2] Although Plaintiff alleges that Wells Fargo is the successor in interest to Wachovia, which the Plaintiff alleges is headquartered in North Carolina, Wachovia is not a defendant in this action. Id.

## II. LEGAL STANDARD

Because the Court previously permitted Plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e).  Under Section 1915(e), the Court must dismiss an *in forma pauperis* complaint before service of process if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court retains discretion over the terms of dismissal, including whether to grant leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Federal Rule of Civil Procedure 8(a) requires all complaints filed in federal district courts to contain "a short and plain statement of the grounds for the court's jurisdiction . . . ."  And a case must be dismissed if the court determines "at any time" that federal subject matter jurisdiction is lacking.  Fed. R. Civ. P. 12(h)(3).  Federal courts have subject matter jurisdiction over a case only if there is diversity or a federal question.  See Deutsche Bank Nat'lTrust Co. v. Duenas, C 13–00738 RS, 2013 WL 1662437 (N.D.Cal. Apr. 17, 2013).  The presumption is that federal courts lack jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).

## III. DISCUSSION

Even when liberally construed in accordance with Plaintiff's *pro se* status, the Second Amended Complaint fails properly to invoke this Court's subject matter jurisdiction.

First, the complaint does not allege diversity jurisdiction under 28 U.S.C. § 1332(a).  Woodall alleges that one of the Defendants—Wells Fargo Bank—is headquartered in California, thus making it a California citizen for the purposes of diversity jurisdiction.  See Am. Sur. Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943) (holding that the defendant bank was a California citizen because it had its principal place of business in California).  Because Woodall is also a citizen of California, this allegation destroys complete diversity and, thus, any potential diversity jurisdiction.  Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978) ("[D]iversity jurisdiction is not to be available when any plaintiff is a citizen of the same State as any defendant.").

3

Second, the complaint does not sufficiently allege a federal question arising under the Constitution or federal law because Woodall does not have standing to assert those causes of action. Although Woodall generally alleges that the Defendants violated FHA regulations, he does not have a private right of action to enforce those guidelines. Fed. Nat'l Mortg. Ass'n v. LeCrone, 868 F.2d 190, 193 (6th Cir. 1989) ("[N]o express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies.") (citing United States v. Neustadt, 366 U.S. 696, 709 (1961)). Nor does he have a private right of action to enforce federal stimulus programs such as HAMP. See Kichatov v. Nationstar Mortgage, Inc., No. 3:13-CV-00103-BR, 2013 WL 3025981, at *6–9 (D. Or. June 14, 2013) (summarizing several cases in which courts in the Ninth Circuit have held that HAMP does not provide a private right of action against lenders and concluding that the Plaintiffs could not bring a claim for violation of HAMP); Simon v. Bank of Am., N.A., 2010 WL 2609436 at *7 (D. Nev., June 23, 2010) ("[C]ourts have consistently held that [HAMP] does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan.").

The only other federal law mentioned in Woodall's complaint is the False Claims Act, and a *pro se* plaintiff such as Woodall is not entitled to prosecute a False Claims Act violation on behalf of the government. Stoner v. Santa Clara Cty. Office of Educ., 502 F.3d 1116, 1126–27 (9th Cir. 2007). In other words, even if Stoner could establish the elements of a False Claims Act case as a relator – and he has not come close to doing so – he would be unable to prosecute that case on a *pro se* basis. Id. ("Because *qui tam* relators are not prosecuting only their "own case" but also representing the United States and binding it to any adverse judgment the relators may obtain, we cannot interpret § 1654 as authorizing *qui tam* relators to proceed *pro se* in FCA actions.").[3]

---

[3] Even if Woodall could proceed *pro se* on behalf of the government, his complaint fails to state a claim under the False Claims Act for two reasons. First, his claims do not fall within the scope of the False Claims Act because he asserts allegations in his private capacity against a private entity. See, e.g., Williams v. Bank of Am., No. 2:12-cv-2513 JAM AC PS, 2013 WL 1906529, at *3 (E.D. Cal. May 7, 2013); David v. GMAC Mortg., No. C 11-6320 PJH, 2012 WL 851506, at *1

4

1   Because Woodall lacks standing to assert any of these federal causes of action, he has not met his burden of establishing this Court's subject matter jurisdiction.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992) (explaining that the party invoking federal jurisdiction bears the burden of establishing standing).

The Court has already given Woodall two opportunities to amend his complaint to address the deficiencies described above.  "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended."  Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013), cert. denied, No. 13–763, 2014 WL 684134 (U.S. Feb. 24, 2014) *(*quoting Sisseton–Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996)).  Because further amendment would be futile, the Court accordingly dismisses the complaint with prejudice.

## CONCLUSION

Plaintiff's Second Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Dated:  August 30, 2016

_____
JON S. TIGAR
United States District Judge

---

(N.D. Cal. Mar. 13, 2012).  Second, his conclusory assertion that the Defendants "prepar[ed] or present[ed] false or misleading documents, fil[ed] false and misleading documents with courts and government agencies, or otherwise [used] false or misleading documents as part of the foreclosure process. . . ." does not satisfy the heightened pleading requirements for claims brought under the False Claims Act.  See U.S. ex rel. Lee v. SmithKline Beecham, Inc., 245 F.3d 1048, 1051 (9th Cir. 2001) (holding that complaints brought under the False Claims Act are subject to the heightened pleading standard under Rule 9(b)); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 540 (9th Cir. 1989) (explaining that "statements of the time, place and nature of the alleged fraudulent activities are sufficient" to satisfy Rule 9(b), but "mere conclusory allegations of fraud are insufficient").  The magistrate judge previously noted both of these deficiencies in his recommendation to dismiss the complaint.  ECF No. 9.

5